

**Signed and Filed: April 20, 2010**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                         ) Bankruptcy Case
                                              ) No. 09-30452DM
FERMIN SOLIS ANIEL and ERLINDA                )
ARIBAS ANIEL aka Erlinda Jose                 ) Chapter 11
Abibas,                                       )
                                              )
                        Debtors.              )
_____)

MEMORANDUM DECISION REGARDING ORDER DENYING EMERGENCY MOTION TO
                RECONSIDER (PERSIA AVENUE PROPERTY)

In this chapter 11 case the pro se debtors have steadfastly and repeatedly resisted motions for relief from stay, while at the same time steadfastly and repeatedly refusing to make payments pending resolution of their disputes about the standing of those secured creditors to seek such relief.

The court is sympathetic with any debtor who finds it difficult, if not sometimes seemingly impossible, to wade through the maze of transferred notes, assigned deeds of trust, ethereal beneficiaries, and information and belief allegations about what some predecessor loan servicing agent did with the original note and deed of trust.  But it is equally unsympathetic with debtors shedding crocodile tears about making adequate protection payments while at the same time claiming all the benefits the bankruptcy law provides them.  If you want to gamble in the casino and hope to hit the jackpot, you can't expect to win by using house money.

You've got to put a "little skin in the game"[1]. Because these debtors have refused to do so, relief from stay could hardly be more appropriate.

On February 11, 2010, Fermin and Erlinda Aniel ("Debtors") filed an "Opposition to Motion for Relief from Stay Supplements; Emergency Motion for Reconsideration on the Order for Relief from Automatic Stay; Objection to Claim" ("Emergency Motion for Reconsideration") regarding the motion for relief from stay ("MRS") filed by Deutsche Bank National Trust Company, as Trustee for HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-5, its assignees and/or successors and the servicing agent American Home Mortgage Servicing, Inc. ("Creditor") as to certain rental property on Persia Avenue in San Francisco (the "Property"). The court entered an order denying the Emergency Motion for Reconsideration on February 17, 2010. This memorandum decision explains the reasoning that led to the February 17 order.

**FACTS**

I. Background Facts

On January 25, 2009, Debtors filed their chapter 11[2] petition. According to their Amended Schedule A filed on August 31, 2009, Debtors hold an ownership interest in seven single family residences in San Francisco County and San Mateo County. One of these properties is Debtors' home; the remaining six are

---

[1] See http://www.investopedia.com/terms/s/skininthegame.asp

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

-2-

rental properties. Debtors have been collecting the rents on the rental properties since the petition date but have not made any postpetition payments on the debts secured by various deeds of trust against the properties.[3] According to various proofs of claim and motions for relief from stay filed in this case, Debtors owe significant prepetition arrearages on the various notes secured by the properties.[4]

---

[3] See, e.g., the declaration in support of motion for relief from stay filed by Litton Loan Servicing, L.P., on July 10, 2009 (Docket No. 39-2) (Debtors have not made any payments since March 2008 on note secured by property located on Earl Avenue in San Bruno); the declaration filed in support of motion for relief from stay filed by BAC Home Loans Servicing, L.P., on July 10, 2009 (Docket No. 41-1) (Debtors have not made any payments since June 2008 on note secured by property located on Fairmont Drive in Daly City); the declaration in support of motion for relief from stay filed by Aurora Loan Services filed on December 15, 2009 (Docket No. 106-1) (Debtors have not made any payments since July 2008 on note secured by property located on Clearfield Drive in Millbrae); the declaration in support of the motion for relief from stay filed by Creditor on November 20, 2009 (Docket No. 94-1) (Debtors have not made any payments since September, 2008, on the Property).

[4] The proof of claim filed with respect to the note secured by the Tobin Clark Drive property in Hillsborough alleges that Debtors owe $131,866.18 in prepetition arrearages; the proofs of claim filed with respect to the Clearfield Drive property in Millbrae allege that Debtors owe $68,452.89 in prepetition arrearages on one note and $22,633.38 in prepetition arrearages on another note; the proofs of claim or motions for relief from stay filed with respect to the Sycamore Drive property in Millbrae allege that Debtors owe $55,537.13 in prepetition arrearages on one note and $6,467.49 in prepetition arrearages on another note); the proof of claim filed with respect to the note secured by the Fairmont Drive property in Daly City alleges that Debtors owe $36,073.44 in prepetition arrearages; the proofs of claim or motions for relief from stay filed with respect to the Property allege that Debtors owe $12,058.45 in prepetition arrearages on one note and $3,173.60 in prepetition arrearages on another note; the proof of claim filed with respect to the note secured by the Earl Avenue property in San Bruno alleges that Debtors owe $61,051.28 in prepetition arrearages; and the proof of claim filed with respect to the note secured by the Foothill Avenue property in San Mateo alleges that Debtors owe $59,856.46 in prepetition arrearages.

-3-

Ms. Aniel admitted at a chapter 11 status conference on January 14, 2010, that Debtors have been using the rental proceeds without obtaining authorization to use cash collateral; Debtors have used the proceeds to, among other things, pay the costs of litigation against many of the alleged deed of trust holders. Debtors have opposed the motions for relief from stay and many of the proofs of claims filed by these lenders for, among other theories, lack of standing. Notwithstanding these objections and oppositions, Ms. Aniel has admitted on the record that Debtors do not dispute executing the various notes and deeds of trust. She has also stated that Debtors do not intend to make any adequate protection payments on these various notes.

II. <u>History of the Emergency Motion for Reconsideration</u>

On November 20, 2009, Creditor filed the MRS. Debtors opposed the MRS on the grounds of standing and purported violations of the Fair Debt Collections Act ("FDCA"), state consumer protection laws, and the California Penal Code by Creditor and Creditor's counsel in filing a proof of claim and the MRS. The court held a hearing on the MRS on December 10, 2009, and took the matter under submission. On December 16, 2009, the court entered an order overruling the FDCA and California Penal Code objections[5] but permitting the automatic stay to remain in effect as long as Debtors tendered adequate protection payments pending resolution of the standing issue. The adequate protection

---

[5] The court noted that as set forth in <u>B-Real, LLC v. Chaussee (In re Chaussee)</u>, 399 B.R. 225 (9th Cir. BAP 2008), the Bankruptcy Code and the claims allowance process set forth in it preclude application of the FDCA and preempt state consumer protection laws. The court further observed that it lacks authority to deal with alleged violations of the California Penal Code.

-4-

payments were to be held by Creditor's counsel in an interest-bearing trust account; if Debtors ultimately prevailed on their standing defenses, the adequate protection payments plus accrued interest would be returned to them.

On December 23, 2009, Debtors filed a motion to reconsider or amend the December 16 order on the MRS. On December 31, 2009, this court entered an order granting, in part, this motion for reconsideration (the "December 31 Order"). The December 31 Order provided:

> Debtors have a right to assert their substantive standing defense to the MRS, but they must provide adequate protection of Creditor's asserted security interest pending resolution of the issue, particularly as no equity exists in this rental property and no payments have been made for ten months postpetition. 11 U.S.C. §§ 361 and 362(d). . . . To continue the automatic stay, however, the court requires Debtors to make the regular monthly payments for December, 2009, and January, 2010, in the total amount of $4,865.04, no later than January 11, 2010, and $2,432.52 per month thereafter, on the first business day of each month. All payments must be made to Creditor's counsel, who shall hold these payments in an interest-bearing trust account pending further order of the court. If Debtors ultimately prevail, these payments plus accrued interest may be returned to them. If Debtors default in making the January 11, 2010 payment and the monthly payments thereafter, Creditor shall provide written notice to Debtors of the nature of the default. If Debtors fail to cure the default within ten days of the date of the notice, Creditor may file an ex parte declaration of default and upload an order granting it full relief from the automatic stay. Upon receipt of any declaration of default from Creditor, the court may grant full relief from the stay without further hearing.

On February 2, 2010, Creditor filed a declaration of default (at Docket No. 139) stating that Debtors did not make the January 11 payment, even after Creditor's counsel sent Debtors a notice of

-5-

default on January 13, 2010.[6]  Therefore, on February 4, the court entered an order granting Creditor's MRS.

On February 11, 2010, Debtors filed their Emergency Motion for Reconsideration because, <u>inter alia</u>, Creditor has not established a chain of title showing that it is an assignee of the underlying deed of trust.  The December 31 Order directed Creditor to file, no later than February 5, a supplement to its MRS to demonstrate the chain of title.  Creditor filed a supplement on February 2, 2010, but that supplement does not show how and when Creditor acquired its rights in the deed of trust.[7]

Nonetheless, because Debtors failed to make any effort to tender the adequate protection payment on January 11, the court entered the February 17 order denying the Emergency Motion for Reconsideration.  The February 17 order specifically states that it does not preclude Debtors from challenging in state court the Creditor's right to pursue remedies under the deed of trust and note and that it does not preclude Debtors from filing a separate

---

[6] At the chapter 11 status conference on January 14, 2010, Ms. Aniel stated on the record that Debtors had not made the January 11 adequate protection payment and would not be making any other adequate protection payments as required by the December 31 Order.

[7] In support of the MRS, an employee of American Home Mortgage Servicing, Inc. (the servicing agent on behalf of the "Secured Creditor") executed a declaration stating that the "Secured Creditor holds the original Promissory Note dated 4/17/2007 in the principal amount of $676,000.00 which is secured by the Deed of Trust of the same date."  The note, however, was not attached as an exhibit to the declaration or the MRS.  The note is attached as an exhibit to the February 2 supplement.  The note is executed to the order of Bayporte Enterprises, Inc.  The last page of the exhibit contains an endorsement from Bayporte Enterprises, Inc. to American Home Mortgage Corporation, and a second endorsement in blank by American Home Mortgage Corporation.  Apart from the two endorsements, the last page of the exhibit is blank.

objection to Creditor's proof of claim in this chapter 11 case.[8]

**DISCUSSION**

In the past year or two, several bankruptcy courts have published decisions regarding the standing of creditors and servicing agents acting on the creditors' behalf to prosecute motions for relief from stay. See, e.g., In re Wilhelm, 407 B.R. 392 (Bankr. D. Id. 2009); In re Jacobson, 402 B.R. 359 (Bankr. W.D. Wash. 2009); In re Hwang, 396 B.R. 757 (Bankr. C.D. Cal. 2008). In general, these cases apply Federal Rule of Civil Procedure 17(a)(1) (incorporated by Rule 7017, which is in turn made applicable to motions for relief from stay by Rules 4001(a)(1) and 9014), which provides that an action "must be prosecuted in the name of the real property in interest." The real property in interest in a relief from stay motion is a party entitled to enforce the right being asserted under applicable law. Jacobson, 402 B.R. at 366.

Addressing the principles of "real party in interest" and standing in the context of motions for relief from the automatic stay, the Wilhelm court held that movants must show that they have "an interest in the relevant note" and they have been "injured by debtor's conduct (presumably through a default on the note)." Wilhelm, 407 B.R. at 398. "Beyond that, [m]ovants must also show they have the right, under applicable substantive law, to enforce the notes." Id. The court identified two threshold questions for

---

[8] In a state court action to restrain a foreclosure, Debtors would not be required to make periodic mortgage payments but they most likely would have to post a bond in an amount sufficient to protect Creditor's interests pending resolution of the dispute there.

-7-

establishing standing: (1) Has the movant established an interest in the relevant promissory note? (2) Is the movant entitled to enforce the notes?  Id.

To resolve these threshold questions of standing, the courts have looked to the state law governing negotiable instruments. Hwang, 396 B.R. at 762.  In California, section 3301 of the Commercial Code governs who is entitled to enforce a note:

> "Person entitled to enforce" an instrument means (a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418.  A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

Cal. Comm. Code § 3301.  A "holder" of a note is "the person in possession of a negotiable instrument that is payable either to bearer or, to an identified person that is the person in possession."  Cal. Comm. Code § 1201(B)(21)(a).  When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone.  Cal. Comm. Code § 3205.[9]

In general, this court agrees with the principle that creditors moving for relief from stay should establish a prima facie case that they have standing to enforce the underlying note

---

[9]As discussed in footnote 7, above, Creditor's motion is supported by a declaration stating that it is the holder of the relevant note here.  Creditor has produced a copy of the note endorsed in blank.  Debtors challenge the legitimacy of the endorsement, and demand that Creditor produce the original note.

-8-

or obligation.[10]

In this circuit, relief from stay hearings are "limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization. Hearings on relief from the automatic stay are thus handled in a summary fashion." <u>Johnson v. Righetti (In re Johnson)</u>, 756 F.2d 738, 740 (9th Cir. 1985) (overruled on other grounds by <u>Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.</u>, 549 U.S. 443 (2007)). "<u>The validity of the claim or contract underlying the claim is not litigated</u> during the hearing." <u>Johnson</u>, 756 F.2d at 740 (emphasis added). As noted by the Ninth Circuit BAP in <u>First Fed. Bank of Cal. v. Robbins (In re Robbins)</u>, 310 B.R. 626, 631 (9th Cir. BAP 2004) (emphasis added):

> Stay relief hearings do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim.

Here, Creditor has made a colorable claim that it has standing by showing that it holds the note, endorsed in blank.

---

[10] Recently, in a case arising from this court, the District Court affirmed denial of a motion for relief from stay based upon a contention by the trustee that the creditor had violated TILA. <u>In re Hubbel</u>, 2010 WL 1222777, (N.D. Cal., March 24, 2010) In doing so it acknowledged that standing needed to be established:

> As to the second point, § 362(d) provides that the stay may only be lifted as to a party in interest. Therefore, there must be some preliminary determination as to whether the moving party is, in fact, a party in interest. See 11 U.S.C. § 362(d) ("On the request of a party in interest .... " (emphasis added)). Surely it cannot be sufficient for a party to bring a motion for relief from the stay and obtain relief without presenting prima facie evidence that he has an interest of some sort. In such a situation, a bankruptcy judge must have the discretion to deny relief until such time as the moving party can present sufficient evidence.

2010 WL 1222777 at *7.

-9-

Debtors do not dispute that they executed the note and deed of trust which are the subject of the MRS. If Debtors wish to maintain the status quo pending resolution of matters that require more plenary proceedings than relief from stay motions (e.g., adversary proceedings for declaratory relief to determinethe proper holder of a note; objections to the claim of the creditor; confirmation of a Chapter 11 reorganization plan that restructures the claim of the creditor, etc.), the conventional way to do so is to make adequate protection payments in the meantime.[11]

Because of Debtors' adamant refusal to make such payments the court is less tolerant than the Wilhelm, Jacobson, and Hwang courts in one material respect: whether debtors should provide adequate protection payments to the Creditor until the standing issues are fully adjudicated. They have not made any payment on this note (or the notes secured by the six other properties in which Debtors assert an ownership interest) in over a year while they have been in bankruptcy. They failed to make at least five prepetition payments on the note secured by the Property. They have no equity in the Property. They have used cash collateral without permission.

Under such circumstances, justice dictates that Debtors make adequate protection payments pending resolution of the standing issues. The court will not continue the stay with all of the risk

---

[11] As recently noted in Hubbel at *6:

> ...the statute does indeed provide that the bankruptcy court "shall" provide relief in certain circumstances, but the relief available is by no means limited to an unequivocal dissolution of the stay. On the contrary, the statute provides that relief may include "terminating, annulling, modifying, or conditioning such [a] stay." 11 U.S.C. 362(d).

-10-

being borne by the creditor. In circumstances where there is no doubt that the Debtors signed the note that is the subject of the motion, (and, frankly, not much doubt that ultimately Creditor will be able to "connect the dots" by showing the chain of title of the note and deed of trust), denial of relief from stay when adequate protection payments could be made would be patently unfair to Creditor and impose on it all of the risk of further deterioration of its security without protection. Since Debtors have no inclination to make payments, it is abundantly clear that once the Creditor (and other similarly situated secured creditors on other properties of Debtors) proves its standing, Debtors will allow the Property to be foreclosed. There is simply no point in delaying the inevitable.

Debtors were not unprotected or left without remedy if they had made the adequate protection payments as ordered by the court. As the December 31 order provides, the adequate protection payments consist of the monthly payments due under the note undisputedly executed by them, and Creditor's counsel was to hold such payments in trust pending resolution of the standing challenge. If Debtors had ultimately prevailed, the payments (plus interest) would have been returned to Debtors. Moreover, the order granting relief from the automatic stay does not preclude Debtors from challenging in state court the legitimacy of Creditor's right to foreclose.

Debtors chose not to comply with this court's December 31 order. They chose not to make the adequate protection payments. They must accept the consequences of their decision. Under the circumstances described in this memorandum decision, the court

-11-

questions whether the Debtors' challenges to standing are made in good faith. The court therefore did not and will not vacate the order granting relief from stay.

* * * END OF MEMORANDUM DECISION * * *

-12-

```
1                           COURT SERVICE LIST
2  Fermin Solis Aniel
   Erlinda Aribas Aniel
3  75 Tobin Clark Dr.
   Hillsborough, CA 94010
4
```

-13-