

**Signed and Filed: April 28, 2010**

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>FERMIN SOLIS ANIEL and ERLINDA ABIBAS ANIEL, aka Erlinda Jose Abibas,<br><br>Debtors.<br>_____ | ) Bankruptcy Case<br>) No. 09-30452DM<br>)<br>) Chapter 11<br>)<br>)<br>) |

MEMORANDUM DECISION REGARDING
MOTION TO EXPUNGE LIS PENDENS (CLEARFIELD DRIVE)

On December 15, 2009, Aurora Loan Services ("Creditor") filed a motion for relief from stay ("MRS"). On December 22, 2009, Fermin Solis Aniel and Erlinda Abibas Aniel ("Debtors") filed an opposition to the MRS. On the same day, they filed a Notice of Pending Action (Lis Pendens CCP § 405.2) (the "Notice") identifying Creditor as the opposing party, stating that they had filed an opposition to the MRS, and reciting that the property located at 833 Clearfield Drive in Millbrae, California (the "Property") "is subject of litigation within the United States Bankruptcy Court Northern District San Francisco Division." See Docket No. 116 in Case No. 09-30452, entered on December 23, 2009.

At the hearing on the MRS (on January 7, 2010), the court directed Debtors to make adequate protection payments for December and January (in the amount of $5,763.06 for each month) by a check delivered to Creditor's counsel. If that amount was not paid by

January 15, 2010, relief from the stay was granted.  <u>See</u> Minute Entry dated January 7, 2010.  On January 14, 2010, the court signed an order stating that if Debtors failed to tender the adequate protection payment totaling $11,526.12 on or before January 15, 2010, "Creditor shall have immediate relief."  <u>See</u> Order at Docket No. 132.  Ms. Aniel stated at a chapter 11 status conference on January 14, 2010, that Debtors did not intend to make the adequate protection payments.

On March 23, 2010, Creditor filed a Motion To Expunge Lis Pendens ("Motion"), referring to the Notice.  Creditor did not provide a copy of the Notice.  More importantly, Creditor has not demonstrated that the Notice has been recorded in the San Mateo County real property records.

Debtors did not appeal the January 14 order on Creditor's MRS.  It is now final.  The MRS and opposition to which Debtors refer in the Notice is no longer pending.  Consequently, under California Code of Civil Procedure, the Notice is not effective.  <u>See</u> 3 B.E. Witkin, <u>Cal. Proc. 5th</u> Actions, 388 at 492-93 (2008) (lis pendens is ineffective where action to which it pertains has been dismissed or is no longer pending).  Even if it were still pending, given Debtors' refusal to make adequate protection payments,[1] they cannot demonstrate the probable validity of their opposition to the MRS.  Thus, under sections 405.32 and 405.3 of the California Code of Civil Procedure, the Notice referring to

---

[1] <u>See</u> this court's Memorandum Decision Regarding Order Denying Emergency Motion to Reconsider (Persia Avenue Property) entered on April 21, 2010, at Docket No. 180 (setting forth this court's position regarding Debtors' refusal to make adequate protection payments).

Case: 09-30452    Doc# 184    Filed: 04/28/10    Entered: 04/29/10 14:05:56    Page 2 of 5

that opposition should be expunged,[2] assuming it has been recorded recorded in the San Mateo County Recorder's Office.[3]

In opposing the Motion, Debtors note that Creditor has filed a motion to dismiss litigation commenced by them in the United States District Court in March 2010 (Case No. C10-01042-JSW), almost three months after the Notice. In its motion to dismiss Creditor requested that the Notice be expunged. As to the Notice with respect to the MRS, this court has the jurisdiction to expunge it whether or not it has been recorded. This court defers

---

[2] In any event, the court does not believe motions for relief from stay present "real property claims" affecting title to or possession of real property under California Code of Civil Procedure section 405.4. The Ninth Circuit has indicated that the resolution of title or other issues regarding the validity of the note or deed of trust is inappropriate in the context of a stay relief hearing. In this circuit, relief from stay hearings are "limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization. Hearings on relief from the automatic stay are thus handled in a summary fashion." Johnson v. Righetti (In re Johnson), 756 F.2d 738, 740 (9th Cir. 1985) (overruled on other grounds by Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co., 549 U.S. 443 (2007)). "The validity of the claim or contract underlying the claim is not litigated during the hearing." Johnson, 756 F.2d at 740 (emphasis added). As noted by the Ninth Circuit Bankruptcy Appellate Panel in First Fed. Bank of Cal. v. Robbins (In re Robbins), 310 B.R. 626, 631 (9th Cir. BAP 2004) (emphasis added):

> Stay relief hearings do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim.

[3] If Debtors did record the Notice, the court believes that it is ineffective under California Code of Civil Procedure section 405.21, which sets forth the prequisites to recording a lis pendens: "A notice of pendency of action shall not be recorded unless (a) it has been signed by the attorney of record, (b) it is signed by a party acting in propria persona and approved by a judge as provided in this section, or (c) the action is subject to Section 405.6." Here, Debtors signed the Notice in propria persona, they did not obtain approval of this court, and this is not an eminent domain action governed by section 405.6.

-3-

to the district court the decision to expunge any other notice of lis pendens which may have been filed or recorded with respect to the Property.

In light of the foregoing, the hearing scheduled for April 30, 2010, on Creditor's Motion is taken OFF CALENDAR. Creditor is instructed to file a supplemental declaration attaching a copy of the Notice, setting forth the recordation information (if any) in the real property records of San Mateo County. Upon filing the supplemental declaration, Creditor should upload an order granting the relief to the extent and for the reasons set forth in this memorandum decision.

As Creditor did not request fees and costs under California Code of Civil Procedure section 405.38, none will be awarded.

**END OF MEMORANDUM DECISION**

```
 1                        COURT SERVICE LIST
 2   Fermin Solis Aniel
     Erlinda Abibas Aniel
 3   75 Tobin Clark Dr.
     Hillsborough, CA 94010
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

-5-